[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO SET ASIDE THE VERDICT; FOR JUDGMENT N.O.V. AND FOR DETERMINATION OF COLLATERAL SOURCE SETOFF
A jury returned a verdict in this matter for plaintiff on February 2, 1993.
I. Motion to Set Aside
A. As to Gordon McCullough
Defendants move to set the verdict aside because
1) there were errors in rulings on admission of evidence;
2) there were errors in the charge to the jury;
3) the verdict was contrary to the evidence; and
4) the verdict was excessive.
The evidentiary rulings were correct. The charge as corrected was not erroneous. The verdict was clearly in accordance with the evidence.
The jury saw the deceased on videotape. The jury heard many witnesses testify about his life before the problem which caused his death; his life while living with the problem; and his pain and suffering. They heard of all the medical procedures he endured. They received information about his work. Based on all that, the verdict reached does not shock either this court's sense of justice or its conscience.
Motion to set aside is denied as to Gordon McCullough.
B. As to Nancy McCullough
The jury found fair, just and reasonable damages for Nancy McCullough's loss of consortium to be $270,000. That, of course, was reduced by 50% for negligence attributable to Dr. Belinkie.
The husband became ill in a fashion that had an effect on Nancy McCullough beginning at the earliest in March of 1988. His condition worsened and he died in August of 1989. Thus, the maximum time during which Nancy McCullough endured a loss of consortium was 16 or 17 months. Ladd v. Douglas Trucking Co., 203 Conn. 187, 194-197. CT Page 3791
An award of $270,000 for that period is not fair, just or reasonable damages. It is so clearly excessive that it had to have been motivated by one or two improper considerations. First, the jury may have been in some way misled by the court that the injury of "bystander emotional distress" may be compensated for. It may not. Maloney v. Conroy, 208 Conn. 392, 402. Second, the jury may also not have been carefully enough instructed that before October 1, 1989 consortium claims were limited, on death, to ante-mortem loss only. Ladd v. Douglas Trucking Co., supra.
The award as given is a shock to this court. A fair, just and reasonable award is $60,000. When that sum is reduced by 50% the verdict for Nancy McCullough should be $30,000. Remittitur is ordered of $105,000.
II. Motion for Judgment N.O.V.
There is no reason for the court to overrule the jury in this matter.
Motion is denied.
 III. Determination of Collateral Source Setoff
The jury found by virtue of the interrogatory that Gordon McCullough either did or should have discovered the essential elements of his cause of action "[a]fter October 1, 1987." Thus, for the purpose of determining what, if any, collateral source sums received by the claimant must be deducted from the award, the "Tort Reform Statute" is P.A. 87-227 5. The deductions do not include the amount "received by [the] claimant as a settlement" from Dr. Belinkie. id.
N. O'Neill, J. CT Page 3792